BLANK ROME LLP
*Attorneys for Plaintiffs*
Lauren B. Wilgus
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
Lauren.Wilgus@blankrome.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
                        :

M+R FORWARDING PTE LTD.         :
                        :
                        :
                Plaintiff,   :
                        :  Civil Action:
       - against -          :  IN ADMIRALTY
                        :
                        :
BENKEL INTERNATIONAL PTE LTD.,  :
                        :
               Defendant.  :
———————————————————————x

## COMPLAINT

      Plaintiff M+R Forwarding Pte. Ltd., ("Plaintiff"), by and through its attorneys Blank Rome LLP, as and for its Complaint against the Defendant Benkel International Pte. Ltd. ("Benkel" or "Defendant") alleges as follows:

### JURISDICTION AND VENUE

      1.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and this is a maritime and admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    In addition, this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the claims asserted herein arise out of the same transaction or occurrence and for part of the same case or controversy.

3.      Venue is proper in this District because, upon information and belief, Defendant transacts business in New York, and the agreement between the parties, discussed at length more fully below, has a law and jurisdiction clause which provides, in relevant part: "[w]henever the Carriage of Goods by Sea Act 1936 (COGSA) of the United States of America applies, this contract is to be governed by United States law."

## THE PARTIES

4.      At all relevant times, Plaintiff M+R Forwarding Pte. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 171 Chin Swee Rd, Singapore 16987.

5.      Plaintiff brings this action on its own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

6.      At all relevant times, Defendant Benkel was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 2 Bukit Merah Central, Singapore 159835. Benkel was and now is engaged in business as a freight forwarder and/or non-vessel operating common carrier of goods for hire and issued bills of lading, including but not limited to bills of lading numbers SELAX20110329-03 and SELAX20110329-05, for carriage of cargo aboard the ONE APUS (the "Vessel"), including cargoes destined for ports along the West Coast of the United States, including but not limited to Long Beach, California.

7.      At all relevant times, the Defendant held itself out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

## BACKGROUND

8.      Upon information and belief, in or about October – November 2020, Plaintiff tendered cargo to Defendant at the Places of Receipt and/or the Ports of Loading stated in Benkel bills of lading numbers SELAX20110329-03 and SELAX20110329-05 in good order and condition.

9.      In particular, Plaintiff tendered cargo, including Ink Tank Astro and printer parts and/or ink cartridges, to Defendant Benkel for shipment from Singapore to Long Beach, California in container HMM9017175. Benkel accepted said shipment and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry said shipment to the Ports of Discharge and/or the Places of Delivery in like good order and condition.

10.      The cargo carried in container HMM9017175 was in good order and condition when delivered to Defendant and when loaded on board the Vessel.

11.      Defendant or its agents issued clean bills of lading and/or waybills for each shipment.

12.      At all relevant times, Plaintiff was listed as the Exporter/Shipper on Benkel bills of lading numbers SELAX20110329-03 and SELAX20110329-05.

13.      Plaintiff performed all obligations required under the applicable bills of lading and/or waybills.

14.      On or around November 30, 2020, approximately 1,816 on-deck containers carried aboard the Vessel, including container HMM9017175, collapsed and were subsequently lost overboard while the Vessel was in transit from Yantian, China, to the Port of Long Beach, California (the "Incident").

15.     As a result of the Incident, Plaintiff's cargo carried in container HMM9017175 was never delivered to the Ports of Discharge and/or the Places of Delivery stated in Benkel bills of lading numbers SELAX20110329-03 and SELAX20110329-05, in violation of Defendant's obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary and/or freight forward, in breach of the contracts of carriage or other applicable contracts and/or in breach of Defendant's obligations and duties as a bailee for hire.

16.     The Incident was caused through no fault of Plaintiff or its agents or servants.

17.     As a result of the Incident, Plaintiff has suffered damages in the amount of at least **$379,450.74**, with the precise amount to be determined at trial.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach Of Contract)**

18.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

19.     At all relevant times, Plaintiff and Defendant were parties to bill of lading contracts, including Benkel bills of lading numbers SELAX20110329-03 and SELAX20110329-05.

20.     At all relevant times, Plaintiff tendered the cargo and/or containers carried under the Benkel bills of lading numbers SELAX20110329-03 and SELAX20110329-05 to Defendant in good order and condition.

21.     At all relevant times, Defendant was responsible for the safe transportation of Plaintiff's cargo from the ports of loading to the ports of discharge noted in the relevant bills of lading and/or sea waybill.

22.     While in Defendant's possession, custody, and control, Plaintiff's cargo sustained loss and/or damage.

23.     Plaintiff complied with all of the requirements of the bills of lading and/or sea waybill.

24.     Defendant breached the bills of lading and/or sea waybill by failing to deliver Plaintiff's cargo in good order and condition.

25.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in the amount of at least **$379,450.74,** with the precise amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach Of Contract Of Carriage)

26.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

27.     At all relevant times, Plaintiff was a "Merchant" under the Benkel bills of lading.

28.     Plaintiff provided the cargo to Defendant in good order and condition and suitable in every respect for its intended transportation.

29.     Defendant received, accepted, and agreed to transport the cargo from the port of loading to the United States under the terms of the Benkel bills of lading.

30.     During the transportation of Plaintiff's cargo by Defendant, such cargo sustained damage.

31.     By reason of the foregoing, Defendant breached, failed and violated their duties to Plaintiff under the Benkel bills of lading, and/or are in breach of its duties as a common carrier and/or non-vessel operating common carrier by water for hire and/or bailee, and was negligent and otherwise at fault.

32.     As a result of Defendant's breach, Plaintiff has suffered damages in an amount of at least **$379,450.74**, with the precise amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Negligence and/or Gross Negligence)

33.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

34.    Defendant, when transporting Plaintiff's cargo, had a duty to exercise a degree of care that a reasonably prudent person would exercise and to handle such cargo as was reasonably required to prevent unnecessary loss and/or damages.

35.    While in Defendant's possession, custody, and control, Plaintiff's cargo sustained loss and/or damage.

36.    Defendant, directly or through its employees, contractors, agents, slot charterers, or servant, willfully, recklessly, negligently, and/or with gross negligence failed to exercise the degree of care in relation to Plaintiff's cargo which a reasonably prudent person would exercise.

37.    Defendant, directly or through its employees, contractors, agents, or servants willfully, recklessly, negligently, and/or with gross negligence failed to handle Plaintiff's cargo as were reasonably required to prevent the damages that was sustained to the cargo.

38.    Plaintiff's cargo sustained damage as a proximate result of Defendant's said willful, reckless, negligent, and/or grossly negligent conduct.

39.    As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff have suffered damages to its cargo in the amount of at least **$379,450.74**, with the precise amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Bailment)

40.    Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

41.     Plaintiff and Defendant entered into a common law bailment arrangement, whereby Defendant agreed to transport Plaintiff's cargo from the ports of loading stated in the Benkel bills of lading to the United States.

42.     Defendant acted as bailee of or otherwise had a duty to care for Plaintiff's cargo from the time when such cargo was entrusted to it.

43.     Defendant, both individually and through its contractors, agents, servants, slot charterers, or subbailees, warranted and had a legal duty to safely keep, care for, and deliver Plaintiffs' cargo in the same condition as when entrusted to it.

44.     Defendant, both individually and through its contractors, agents, servants, slot charterers, or subbailees, warranted and had a legal duty to perform its services and to ensure that those services were performed with reasonable care and in a nonnegligent and workmanlike manner.

45.     While in Defendant's possession, custody, and control, Plaintiff's cargo sustained loss and/or damage.

46.     As a direct and proximate result of Defendant's breach of its bailment obligations, Plaintiff has suffered damages to its cargo and additional expenses in the amount of at least **$379,450.74**, with the precise amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that this Court:

A. Grant Plaintiff's claims in their entirety;

B. Enter judgment in Plaintiff's favor and against Defendant in the amount of **$379,450.74**, plus interest, attorneys' fees and costs; and

C. Grant such other and further relief as may be just and equitable.

Dated:  November 22, 2021

**BLANK ROME LLP**
*/s/ Lauren B. Wilgus*
Lauren B. Wilgus
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
(917) 332-3068
lwilgus@blankrome.com

*Counsel for Plaintiff*